**Gary C. WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 44A03–9903–PC–105.

Court of Appeals of Indiana.

April 23, 2001.

Donald C. Swanson, Jr., Fort Wayne, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Gary Williams ("Williams") petitions for rehearing following this court's affirmation of the denial of his petition for post-conviction relief challenging his convictions of conspiracy to commit murder and aiding burglary. We grant rehearing and reverse in part the denial of his petition for post-conviction relief.

### Issues

Williams presented eight issues for appellate review, the majority of which this Court was unable to address on the merits because Williams failed to include his trial transcript within the Record of Proceedings.[1] In a memorandum decision of September 22, 2000, this Court affirmed the judgment of the post-conviction court. Subsequently, Williams moved to transfer the record of the trial proceedings in 44C01–9109–CF–181 into the Record of Proceedings. We grant Williams's petition for rehearing to address the issues that

potentially present fundamental error and have not otherwise been waived or previously decided on direct appeal. These issues as restated are:

1. Whether Williams received the effective assistance of counsel.
2. Whether there is sufficient evidence of bodily injury to support Williams's conviction of aiding burglary as a Class A felony.
3. Whether there is sufficient evidence that Williams's accomplices committed burglary.
4. Whether there is sufficient evidence to support Williams's conviction of conspiracy to commit murder.

### Facts and Procedural History

In Williams's direct appeal in the Indiana Supreme Court, *Williams v. State*, 631 N.E.2d 485 (Ind.1994), the Court recited the pertinent facts as follows:

> For convictions of conspiracy to commit murder and aiding in a burglary, both class A felonies, defendant-appellant Gary Curtis Williams received consecutive sentences of 50 years on each count, with 10 years suspended.... On August 26, 1991, the defendant enlisted the assistance of Douglas Huey and Mike Guernsey to execute his plan to obtain money and drugs from Rodney Schrock. The defendant provided Huey and Guernsey with a sawed-off shotgun, a loaded revolver, a knife, handcuffs, and a description of the interior of Schrock's residence, including the location of a bedroom safe thought to contain drugs and money. The three men drove to Schrock's house, whereupon Huey and Guernsey exited the car, confronted Schrock and his girlfriend, announced the robbery, and threatened to kill. They ordered the victims into the resi-

---

1. The trial record was an exhibit in post-conviction proceedings.

dence, handcuffed the girlfriend, and threatened and assaulted Schrock while demanding his money. Schrock discharged a handgun at Huey who returned fire. Neither shot struck a victim, although the bullet from Huey's gun struck a wall in close proximity to the girlfriend's four-year-old child. Huey and Guernsey then ran to Guernsey's vehicle where the defendant was waiting in the driver's seat. Huey and Guernsey were apprehended and subsequently implicated the defendant.

*Id.* at 486.

On July 1, 1997, Williams filed his Petition for Post–Conviction Relief. (P.C.R. 129.) Therein, Williams raised issues concerning a jury instruction, an alleged threat to a witness, sufficiency of the evidence of bodily injury and ineffectiveness of trial counsel for failure to move for a judgment of acquittal. Evidentiary hearings were held on December 4, 1997 and on June 12, 1998. On February 23, 1999, the post-conviction court entered findings of fact and conclusions of law denying Williams' petition. Williams appealed. On August 25, 1999, this Court stayed appellate proceedings and ordered the case remanded to the post-conviction court, with the following order:

> Upon the above recited petition, this Court now stays further proceedings in this cause for a period of ninety (90) days from the date of this order and remands this cause to the LaGrange Circuit Court for the purpose of the appellant amending his previously filed petition for post-conviction relief to add such allegations as will set forth his current contentions concerning ineffectiveness of his post-conviction counsel and for that court's consideration and determination of the same.

(P.C.R. 1.)

On November 15, 1999, Williams filed an Amended Petition for Post–Conviction Relief, alleging deficiencies of trial and post-conviction counsel. On January 21, 2000, an evidentiary hearing was held. On January 31, 2000, the post-conviction court entered findings of fact and conclusions of law denying Williams's petition. Williams appealed. The denial of post-conviction relief was affirmed. Williams now petitions for rehearing.

## Discussion and Decision

### I. Standard of Review

At the hearing on his petition for post-conviction relief, Williams had the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). He now appeals from a negative judgment, and to the extent his appeal turns on factual issues, Williams must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Harrison v. State,* 707 N.E.2d 767, 773 (Ind.1999), *cert. denied,* 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). The decision will be disturbed only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.* at 774.

The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Lockhart v. State,* 632 N.E.2d 374, 375 (Ind.Ct.App.1994), *trans. denied.* A post-conviction petition is not a substitute for an appeal. *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993). Moreover, post-conviction proceedings do not afford a petitioner a "super-appeal." *Benefiel v. State,* 716 N.E.2d 906, 911 (Ind.1999), *cert. denied,* 531 U.S. 830, 121 S.Ct. 83, 148 L.Ed.2d 45 (2000). Our post-conviction rules contemplate a narrow remedy for

subsequent collateral challenges to convictions. *Williams v. State*, 706 N.E.2d 149, 153 (Ind.1999), *cert. denied*, 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). If an issue was known and available but not raised on appeal, it is waived. *Rouster v. State*, 705 N.E.2d 999, 1003 (Ind.1999), *reh'g denied*. If an issue was raised on direct appeal, but decided adversely to the petitioner, it is *res judicata*. *Trueblood v. State*, 715 N.E.2d 1242, 1248 (Ind.1999), *cert. denied*, 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000).

■■■ However, there is a narrow exception to the waiver rule in circumstances where the trial court committed "fundamental error." *Haynes v. State*, 695 N.E.2d 148, 152 (Ind.Ct.App.1998). The error must be one such that the defendant was denied a fair trial or such that this court is left with the conviction that the verdict or sentence is clearly wrong or of such dubious validity that justice cannot permit it to stand. *Id.* (citing *Lacey v. State*, 670 N.E.2d 1299, 1302 (Ind.Ct.App. 1996)). Generally, invocation of the fundamental error exception is limited to deprivation of the Sixth Amendment right to effective assistance of counsel or an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal. *Canaan v. State*, 683 N.E.2d 227, 235–36 n. 6 (Ind.1997), *cert. denied*, 524 U.S. 906, 118 S.Ct. 2064, 141 L.Ed.2d 141 (1998).

## II. Ineffectiveness of Counsel

One attorney represented Williams at trial and on direct appeal, and a second attorney represented Williams at his initial post-conviction hearing. Williams contends that he was denied the effective assistance of counsel because neither attorney challenged the sufficiency of the evidence supporting his convictions. Williams claims that his trial counsel was required to move for judgment on the evidence as to the charges and, having failed to do so, was required to allege the insufficiency of the evidence on appeal. Further, he claims that previous post-conviction counsel was required to allege fundamental error because of insufficient evidence to support his convictions.

■■■ The issue of ineffective assistance of trial counsel was not raised on direct appeal, and is thus not foreclosed in post-conviction proceedings. *Rondon v. State*, 711 N.E.2d 506, 517 (Ind.1999). To prevail on a claim of ineffective assistance of counsel, Williams must show that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms. If this is established, he must also show prejudice resulting therefrom. *Id.* Prejudice has been defined as whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Id.* (citing *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180, 191 (1993)).[2]

Williams's trial and appellate counsel testified at his post-conviction hearing on January 21, 2000. Counsel indicated that he failed to move for a directed verdict as to either charge at trial or to challenge the sufficiency of the evidence to support Williams's convictions on appeal. Counsel acknowledged that a request for a directed

---

2. The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution or Art. 1, § 13 of the Constitution of Indiana. *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989). Thus, it is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial or appellate level. *Id.* Rather, we consider whether counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court. *Id.*

verdict or a challenge to the sufficiency of the evidence would have been appropriate, and was unable to provide a reason for the omissions.

If counsel's omissions permitted Williams's convictions despite a lack of sufficient evidence, the result of the trial is fundamentally unfair. *Garner v. State*, 550 N.E.2d 1309, 1312 (Ind. Ct.App.1990). The crux of Williams's allegation of ineffective assistance is identical to his allegation of fundamental error, that is, his convictions lacked sufficient evidentiary support. Generally, allegations of errors not raised on direct appeal are considered waived for purposes of post-conviction relief. *Green v. State*, 525 N.E.2d 1260, 1261 (Ind.Ct.App.1988). However, conviction without sufficient evidence constitutes fundamental error, and fundamental error may be raised in a post-conviction proceeding, within the rules of post-conviction procedure. *Id. See also Smith v. State*, 559 N.E.2d 338 (Ind. Ct.App.1990) (holding that insufficiency of evidence is reviewable even in a postconviction setting). We therefore will examine, on the merits, the sufficiency of the evidence to support each of the challenged convictions.[3]

### III. Sufficiency of the Evidence of Bodily Injury

Pursuant to Indiana Code § 35–43–2–1, a person who breaks and enters the dwelling or structure of another person, with the intent to commit a felony in it, commits burglary, a Class C felony. The offense is a Class B felony if it is committed while armed with a deadly weapon or the building or structure is a dwelling. The offense is a Class A felony if it results in bodily injury or serious bodily injury to any person other than the defendant. Under Indiana Code section 35–41–2–4, a person is liable for a criminal act if he knowingly or intentionally aids, induces or causes another person to commit an offense.

Williams contends that the State presented insufficient evidence of bodily injury to support the elevation of the offense of aiding burglary to a Class A felony. The Information charging Williams with aiding burglary, a Class A felony provided:

HERBERT L. BERGMAN, being duly sworn upon his oath to tell the truth, says that on or about August 26, 1991, at and in the County of LaGrange and State of Indiana, Gary Curtis Williams, DOB 12/24/60, SSN 450–33–7608, of 312½ Cavin Street, Ligonier, Indiana, did knowingly aid or induce Douglas Huey and Michael Guernsey to break and enter the dwelling of Rodney O. Schrock, located at 0990N 55E, LaGrange, Indiana, with the intent to commit a felony therein, to-wit: Murder and Robbery, and using a deadly weapon, to wit: a .38 caliber pistol; and attempting to inflict serious bodily injury to said Rodney O. Schrock, to-wit: Murder. All of which is contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

(Trial R. at 11.) Essentially, the State alleged that Williams aided Douglas Huey

---

**3.** The State argues that our supreme court on direct appeal determined that a serious bodily injury occurred. We disagree. On direct appeal, the Court was asked to consider whether the charges should have been dismissed because of non-compliance with Indiana Criminal Rule 4, whether a special prosecutor should have been appointed at the defendant's request and whether the sentence was manifestly unreasonable. *Williams*, 631 N.E.2d at 486. At no time was the Court asked to address a challenge to the sufficiency of the evidence or to examine the evidentiary portion of the trial record.

("Huey") and Michael Guernsey ("Guernsey") in the "attempted serious bodily injury" of Rodney Schrock ("Schrock") and offered evidence at trial of the attempt. However, Indiana Code section 35–43–2–1 does not provide for elevation of the offense of burglary based upon an attempt to cause serious bodily injury; an actual injury is required. The State presented no evidence that Huey and Guernsey, aided by Williams, actually caused bodily injury to Schrock or any other person. Therefore, there is an absence of evidence to support the elevation of the aiding burglary offense to a Class A felony.

■ At most, Williams could properly be convicted of aiding burglary as a Class B felony because of the deadly weapon allegation. The appropriate post-conviction remedy is an order to the post-conviction court to vacate the conviction upon the improperly elevated offense and enter a judgment of conviction on the highest class of offense supported by the evidence. *Garner*, 550 N.E.2d at 1312. However, Williams also alleges that the evidence fails to support his conviction of aiding burglary as a Class B felony. Therefore, we next consider whether the State presented sufficient evidence to establish the commission of burglary as a Class B felony.

### IV. Sufficiency of the Evidence of Burglary

■ Williams contends that he could not properly be convicted of aiding burglary when a burglary did not occur. He argues that the conduct of accomplices Huey and Guernsey did not constitute the offense of burglary because they "merely entered through an open door." Appellant's Brief at 23. We disagree.

■ To convict Williams of aiding burglary, the State was required to establish that Williams aided Huey and Guernsey in breaking and entering a structure with the intent to commit a felony in it. IND.CODE § 35–43–2–1. To convict Williams of aiding burglary as a Class B felony, the State was required to establish that the structure was a dwelling or that the robbery was committed while Huey and Guernsey were armed with a deadly weapon. IND. CODE § 35–43–2–1(1)(A)(B). A "breaking" is proved by showing that even the slightest force was used to gain unauthorized entry. *Dupree v. State*, 712 N.E.2d 1076 (Ind.Ct.App.1999).

Huey and Guernsey each testified as follows. The pair, who are half-brothers, traveled to the Schrock residence with the intention of robbing Schrock of money and drugs. Huey was armed with a handgun and Guernsey was armed with a sawed-off shotgun. Huey confronted Schrock on the front porch of his residence, displayed his weapon, announced "this is a jack," [4] and pushed Schrock into the residence. (R. 1327.) Guernsey followed. Huey and Guernsey then unsuccessfully attempted to execute the planned robbery. The brothers testified that Williams conceived the robbery plan and supplied the guns, a knife, handcuffs and a pillowcase. The evidence is sufficient to establish that Huey and Guernsey forcibly gained unauthorized entry into the Schrock residence with the intent to rob Schrock, and that Williams provided assistance. Therefore, we direct the post-conviction court to enter a judgment of conviction for aiding burglary, a Class B felony.

### V. Sufficiency of the Evidence of Conspiracy to Commit Murder

■ Williams claims there is insufficient evidence to support his conviction of

4. Huey testified that "jack" is a street term for a robbery. (R. 1327.)

conspiracy to commit murder. Specifically, he alleges an absence of evidence that he entered into the requisite agreement with Huey and Guernsey to kill Schrock. Premised upon our extensive review of the trial testimony and depositions, we agree.

The conspiracy statute, Indiana Code section 35–41–5–2 provides in pertinent part: "A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony." To convict Williams of conspiracy to commit murder, as charged, the State was required to prove that Williams (1) entered into an agreement (2) with Huey and Guernsey (3) to murder Schrock; and (4) an overt act in furtherance of that agreement was committed. *Hammers v. State*, 502 N.E.2d 1339, 1343 (Ind.1987). A conspiracy entails an intelligent and deliberate agreement between the parties. *Sutton v. State*, 495 N.E.2d 253, 257 (Ind.Ct.App. 1986). The State is not required to prove the existence of a formal express agreement; this may be inferred from the acts committed and the circumstances surrounding the defendant's involvement. *Id.* However, it is necessary that the State prove beyond a reasonable doubt that the defendant had the intent to commit murder to convict for conspiracy to commit murder. *Id.*

This court will determine only the sufficiency of the evidence and will not reweigh it. *Hammers*, 502 N.E.2d at 1342. The evidence presented by the State to establish an alleged murder conspiracy consisted of the testimony of Huey and Guernsey. The brothers each testified that they agreed to execute a plan formulated by Williams to rob Schrock of money and drugs. Huey testified that Williams provided weapons for the purpose of bringing the victim under control if necessary. He further testified that Williams provided a pillowcase to put over Schrock's head "so that he would not see them leave." (R. 1338.) Thus, the object of the conspiracy as established by the State's evidence was to rob Schrock and leave him alive.

Huey disclosed no plan or intention to murder Schrock. To the contrary, Huey testified that he did not want to kill Schrock; he considered the venture had "gone too far" when Schrock grabbed a weapon; and Huey then ran toward the front door. (R. 1329–30.) Huey testified further:

I stopped short of the front door of leaving because I wanted to make sure I was going to make it out the door. Because I knew that Rodney grabbed a pistol on me or a weapon. So when I turned, he was also pointed right at me. We was roughly ten fifteen, I don't know, apart. And I felt like I still didn't want to kill the guy. But I didn't want to get shot. So I fired my weapon in order to make him like duck or something, so that he wouldn't pull his trigger first and I could make it out of the house. We both shot at the same time. We both missed and I ran out the door.

(R. 1331.) Consistent with Huey's testimony, Guernsey testified that the object of their agreement with Williams was robbery. Although Guernsey acknowledged during cross-examination the *possibility* that someone could be killed during a robbery, he did not provide evidence of any such plan or intention. Moreover, Guernsey testified that his weapon was not loaded during the robbery, that he had left it empty because Williams warned it was an "itchy gun" and that "I wasn't there to hurt anybody in the first place." (R. 1251.)

An agreement to rob is not a conspiracy to murder unless the agreement envisions killing the victim. *Turnley v. State*, 725 N.E.2d 87, 91 (Ind.2000). There

is an absence of any evidence that Williams or either of his accomplices formed a specific intent to kill Schrock. Therefore, the conviction for conspiracy to commit murder must be vacated.

**Conclusion**

Counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms when he failed to move for a directed verdict on the conspiracy to commit murder charge or to challenge the sufficiency of the evidence of bodily injury. In light of the absence of evidence in support of the conspiracy to commit murder conviction and aiding burglary as a Class A felony, we direct the post-conviction court to grant post-conviction relief as follows. The Class A felony conviction for conspiracy to commit murder is vacated. The Class A felony conviction for aiding burglary is vacated. Judgment is to be entered for aiding burglary as a Class B felony, and Williams is to be resentenced accordingly.

Rehearing granted; denial of post-conviction relief reversed in part.

BARNES, J., concurs.

RILEY, J., votes to deny rehearing.