**Mark THOMAS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0202–PC–76.**

Court of Appeals of Indiana.

Oct. 28, 2002.

Robert S. Rifkin, Maurer Rifkin & Hill, Carmel, for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mark Thomas was convicted following a jury trial of Rape, as a Class A felony, Robbery, as a Class B felony, and Criminal Confinement, as a Class B felony. On direct appeal, this court affirmed his convictions. *See Thomas v. State*, No. 49A02–9710–CR–662, 700 N.E.2d 513 (Ind.Ct. App. Aug.13, 1998) (*"Thomas I"*). Thomas subsequently petitioned for post-conviction relief, which the court denied. He now appeals,[1] presenting the following consolidated issues for our review:

___

1. On appeal, Thomas does not challenge his convictions for robbery and criminal confine-

1. Whether he was denied the effective assistance of trial counsel.
2. Whether he was denied the effective assistance of appellate counsel.

We reverse and remand for a new trial on the rape charge.

### FACTS AND PROCEDURAL HISTORY

The facts and procedural history as stated by this court in Thomas's direct appeal are as follows:

On May 27, 1996, at approximately 11:45 p.m., L.H. was walking home from the bus stop when a man in a red Plymouth Sundance, later identified as Thomas, offered her a ride. After L.H. refused his offer, Thomas parked the car, exited and asked L.H. for her phone number. L.H. responded that Thomas was too old for her, and she attempted to walk past him. Thomas then grabbed her arm and ordered L.H. into his car at gunpoint.

Still holding the gun, Thomas drove to a nearby alley and instructed L.H. to remove her pants. He then fondled her vagina and raped her. He next asked if she had any money and told her to give it to him. Before releasing L.H., Thomas threatened to kill her if she reported the incident. L.H. memorized the car's license plate number as she walked away from the car.

L.H. subsequently provided the police with a description of Thomas, the car and the license plate number. The police traced the number to Thomas's girlfriend and later discovered Thomas at her apartment. A search of the apartment revealed clothing that matched the description given by L.H. and a gun.

ment.

The police then transported Thomas to the hospital where L.H. was being treated, and she identified him as her assailant. *Thomas I*, at 2–3. At trial, Thomas's counsel did not introduce into evidence a report regarding L.H.'s medical treatment and a forensic examination report which Thomas claims were exculpatory.[2] On direct appeal, Thomas's appellate counsel argued that Thomas's trial counsel was ineffective for failing to introduce the reports into evidence, but his appellate counsel failed to make the reports a part of the appellate record. Accordingly, we held that "Thomas [had] not provided this court with a basis upon which to evaluate [trial] counsel's alleged errors" and that he was not denied the effective assistance of trial counsel. *Id.* at 6.

Thomas filed a petition for post-conviction relief. He alleged that he had been denied the effective assistance of trial and appellate counsel. Following a hearing, the post-conviction court denied his petition.

## DISCUSSION AND DECISION

### Standard of Review

■■■ The petitioner bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Harrison v. State*, 707 N.E.2d 767, 773 (Ind.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). To the extent the post-conviction court denied relief in the instant case, Thomas appeals

from a negative judgment and faces the rigorous burden of showing that the evidence as a whole " 'leads unerringly and unmistakably to a conclusion opposite to that reached by the ... court.' " *See Williams v. State*, 706 N.E.2d 149, 153 (Ind.1999) (quoting *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993)), *cert. denied*, 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law. *Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind.2000).

■■ A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *Allen v. State*, 749 N.E.2d 1158, 1164 (Ind.2001). The findings must be supported by facts and the conclusions must be supported by the law. *Id.* Our review on appeal is limited to these findings and conclusions. *Id.*

### Issue One: Ineffective Assistance of Trial Counsel

■■ Thomas first contends that he was denied the effective assistance of trial counsel. The State responds that this issue is barred by the doctrine of res judicata. We agree with the State.

■■ The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Williams v. State*, 748 N.E.2d 887, 890

---

**2.** Thomas did not provide this court with a copy of the trial transcript. In the course of our review of the issues raised on appeal, we concluded that the trial transcript would be helpful and contacted the clerk's office in June 2002 to request it. We were informed that Thomas's counsel had checked out the trial record in July 2001 and had not yet

returned it. The clerk's office then informed us that Thomas's counsel had reported that he was unable to locate the transcript or other parts of the trial record. Thus, the clerk contacted the court reporter and requested that the trial transcript be recreated. We finally received the trial transcript in September 2002.

(Ind.Ct.App.2001). A post-conviction petition is not a substitute for an appeal. *Id.* Moreover, post-conviction proceedings do not afford a petitioner a "super-appeal." *Id.* Our post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Id.* at 890–91. If an issue was known and available but not raised on appeal, it is waived. *Id.* at 891. If an issue was raised on direct appeal, but decided adversely to the petitioner, it is res judicata. *Id.*

In his direct appeal, Thomas raised the issue of ineffective assistance of trial counsel. This court stated that "Thomas has not provided us with cogent argument as to the specific errors he claims that counsel made at trial[,]" and we held that "[u]nder the circumstances, we cannot say counsel's performance was ineffective." *Thomas I,* at 6–7. In his petition for post-conviction relief, Thomas maintains that res judicata does not bar his claim because it "was never considered by this Court on its merits." But Thomas does not cite any authority to support this contention. Thomas raised this issue on direct appeal, and we decided it adversely to Thomas. *See Williams,* 748 N.E.2d at 891. Thus, we conclude that the issue of ineffective assistance of trial counsel is barred by the doctrine of res judicata and decline to address it here.

### Issue Two: Ineffective Assistance of Appellate Counsel

■ Thomas next contends that his appellate counsel was ineffective for having waived the issue of ineffective assistance of trial counsel on appeal. Specifically, Thomas maintains that his appellate counsel failed to make the medical and forensic reports part of the appellate record, which, Thomas alleges, were necessary to preserve his ineffective assistance of trial counsel claim. Again, on direct appeal, we found that counsel had failed to present cogent argument regarding the alleged in-

effective assistance claim and that the record did not include copies of the allegedly exculpatory reports, so we held the issue waived.

■ The standard for determining the effective assistance of appellate counsel is the same as for allegations of ineffective assistance of trial counsel. *Gann v. State,* 570 N.E.2d 976, 977–78 (Ind.Ct.App.1991), *trans. denied.* There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden falls on the defendant to overcome that presumption. *Gibson v. State,* 709 N.E.2d 11, 13 (Ind.Ct. App.1999), *trans. denied.* To make a successful ineffective assistance claim, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness as determined by prevailing professional norms; and (2) the lack of reasonable representation prejudiced him. *Mays v. State,* 719 N.E.2d 1263, 1265 (Ind.Ct.App.1999) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), *trans. denied.* Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that but for counsel's errors, the result of the proceeding would have been different. *Andrews v. State,* 588 N.E.2d 1298, 1302 (Ind.Ct.App.1992).

■ When counsel's presentation of a claim on appeal is so deficient the reviewing court deems it waived, the appellant is in little better position than if counsel had failed to raise the issue in the first place. *Bieghler v. State,* 690 N.E.2d 188, 195 (Ind.1997), *cert. denied,* 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). Counsel's representation in its entirety is nevertheless still the touchstone of determining whether counsel's performance fell below an objective standard of reasonable-

ness. *Id.* Even when counsel's performance is found constitutionally deficient, appellant must still show a reasonable probability that, because of counsel's deficiencies, the convictions are fundamentally unfair or unreliable. *Id.* If the claimed issues were presented by appellate counsel and analyzed by an appellate court, relief will only be afforded when the "appellate court is confident it would have ruled differently." *Stevens v. State,* 770 N.E.2d 739, 760 (Ind.2002) (quoting *Bieghler,* 690 N.E.2d at 196).

▉ Thomas argued to the post-conviction court that if his appellate counsel had properly presented the issue of ineffective assistance of trial counsel, this court would have reversed his rape conviction. We must agree. The physician's report that Thomas contends his trial counsel should have introduced into evidence contained the following relevant statements by Dr. Beata Weiermiller, the emergency room physician who examined L.H.:

> [The assailant] essentially had his penis out of his pants, just out of the zipper, layed [sic] himself on top of the patient and started fondling her after she took off her underwear. The patient started screaming. There was possible vaginal penetration[3] because it "hurt" according to the patient. The alleged assailant, after the patient started screaming, took himself off her and wiped off his penis.

In addition, Dr. Weiermiller noted that:

> There were no injuries noted, no signs of bruising, no skin lesions. . . . Pelvic

examination showed no external lesions. The hymenal ring was intact. There was a perforate hymen allowed on one finger. Cervix was nulliparous without lesions. There were no injuries seen. No evidence of bleeding. There was mucous seen in the vaginal vault. Examination was significant for guarding, anteverted uterus, normal size, no adnexal tenderness. Wet mount performed revealed no sperm, normal vaginal flora and no organisms.

The forensic report indicated that no sperm or other DNA evidence was obtained from the swabs and hair samples in the rape kit prepared following the incident.

We agree with Thomas that Dr. Weiermiller's report is relevant and probative. For instance, the fact that L.H. told Dr. Weiermiller that Thomas "wiped off his penis" after the attack reasonably suggests that there would have been physical evidence of rape, but Dr. Weiermiller found no such evidence. The forensic report, which also shows no physical evidence, is also inconsistent with L.H.'s version of events. Clinical evidence is not required to prove that a rape occurred. Thus, the reports are inconclusive and do not exonerate Thomas. But their probative value is clear. We can discern no tactical reason for excluding the reports from evidence at trial. Thomas's appellate counsel should have included the reports in the record on

---

**3.** Thomas maintains that the medical and forensic reports were necessary to show that he did not have intercourse with L.H., which is an essential element of rape. *See* Ind. Code § 35–42–4–1. Specifically, Thomas states, "Having found no physical evidence of intercourse or trauma consistent with attempted intercourse, Dr. Weiermiller can only speculate in her medical report that vaginal penetration was 'possible.'" But Thomas appears to equate intercourse with vaginal penetration. To the contrary, our statute defining sexual intercourse does not require that the vagina be penetrated, only that the female sex organ, including the external genitalia, be penetrated. *Short v. State,* 564 N.E.2d 553, 559 (Ind.Ct.App. 1991); *see also Thompson v. State,* 674 N.E.2d 1307, 1311 (Ind.1996). Thus, Thomas's suggestion that the reports "prove" that he did not have intercourse with L.H. is without merit.

direct appeal. *See S.E. v. State,* 744 N.E.2d 536, 539 (Ind.Ct.App.2001); *see also Reeves v. Boyd & Sons,* 654 N.E.2d 864, 866 n. 2 (Ind.Ct.App.1995) (noting appellant has burden to provide court with record sufficient for appellate review of error claimed), *trans. denied.* We conclude that appellate counsel's representation of Thomas was deficient and fell below the range of professionally competent representation. *See S.E.,* 744 N.E.2d at 539.

Because we conclude that Thomas's trial counsel was ineffective for failing to introduce into evidence the two reports, Thomas was prejudiced by his appellate counsel's failure to preserve that claim on direct appeal. Thomas has demonstrated that his conviction is fundamentally unfair or unreliable. *See Bieghler,* 690 N.E.2d at 195. The post-conviction court's determination that Thomas did not receive ineffective assistance of appellate counsel is reversed. We reverse Thomas's rape conviction and remand to the trial court for a new trial on that charge.

Reversed and remanded for a new trial on the rape charge.

ROBB, J., and BAILEY, J., concur.