**Mark THOMAS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S04–0305–PC–175.

Supreme Court of Indiana.

Oct. 22, 2003.

Robert S. Rifkin, Maurer Rifkin & Hill, P.C., Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

In this appeal the defendant, Mark Thomas, challenges the post-conviction court's rejection of his claims of ineffective assistance of trial and appellate counsel. We affirm the denial of post-conviction relief.

In 1997, Thomas was convicted of rape, robbery, and criminal confinement. The Court of Appeals affirmed by memorandum decision. *Thomas v. State,* 700 N.E.2d 513 (Ind.Ct.App.1998) (table). Thomas then sought post-conviction relief, which was denied. Disagreeing with the post-conviction court's rejection of Thomas's claim of ineffective assistance of appellate counsel, the Court of Appeals affirmed in part and reversed in part, finding that Thomas was entitled to a new trial on the rape charge. *Thomas v. State,* 776 N.E.2d 1227, 1233 (Ind.Ct.App.2002). This Court

granted the State's petition to transfer. In this appeal from the denial of post-conviction relief, Thomas challenges the post-conviction court's judgment on the issues of ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

### Ineffective Assistance of Trial Counsel

 In his post-conviction proceedings, Thomas claimed that he was denied the effective assistance of trial counsel due to his lawyer's failure to present certain documentary evidence. The post-conviction court declined to address this claim, finding that the issue had been adjudicated on direct appeal. The same issue had previously been raised on direct appeal, and the Court of Appeals, finding that Thomas had not provided cogent argument or included the subject documents in the appellate record, ruled against him on this claim.

This issue can only be presented in post-conviction proceedings in the context of a claim of ineffective assistance of appellate counsel. The Court of Appeals and the post-conviction court were correct: the issue of ineffective assistance of trial counsel having been raised and adjudicated on direct appeal, it may not again be directly presented in post-conviction proceedings. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002); *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind.1998).

### Ineffective Assistance of Appellate Counsel

Thomas also sought post-conviction relief on grounds that he was denied the effective assistance of appellate counsel. Following presentation of evidence, the post-conviction court concluded that Thomas had failed to prove this claim. In this appeal, Thomas challenges that determination. He contends that his appellate counsel never took the steps necessary to assure that the appellate record contained certain medical and laboratory reports, thereby preventing the Court of Appeals from considering his claim of trial counsel ineffectiveness.

 The Sixth Amendment entitles a criminal defendant to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 395–396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821, 830 (1985). In evaluating a post-conviction claim of appellate counsel ineffectiveness, a post-conviction court applies the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to determine if appellate counsel's conduct fell below professional norms and resulted in prejudice such that our confidence in the outcome is undermined. *Bieghler v. State*, 690 N.E.2d 188, 192–93 (Ind.1997). A claim of appellate ineffectiveness must demonstrate a reasonable probability that the outcome of the direct appeal would have been different. *Stevens v. State*, 770 N.E.2d 739, 760 (Ind.2002); *Bieghler*, 690 N.E.2d at 194. A claim challenging the quality of appellate counsel's actual presentation must "overcome the strongest presumption of adequate assistance." *Bieghler*, 690 N.E.2d at 196. Upon appeal from the denial of post-conviction relief, an appellate court will reverse a post-conviction court's decision only where the evidence "is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998), *cert. denied*, 528 U.S. 1083, 120 S.Ct. 806, 145 L.Ed.2d 679 (2000) (citations omitted).

Thomas was convicted of the rape, and other offenses, of a sixteen-year old female. Approximately five hours after the incident, the victim was examined at Wishard Hospital in Indianapolis where samples were taken for laboratory examination. On direct appeal, Thomas claimed

ineffective assistance of trial counsel for failing to ask questions that Thomas felt should have been asked and for failing to introduce an allegedly exculpatory medical report. In its memorandum decision, the Court of Appeals observed, "Thomas has not provided us with cogent argument as to the specific errors he claims that counsel made at trial. Specifically, he has failed to introduce the contents of the allegedly exculpatory medical report...." *Thomas v. State,* Cause No. 49A02–9710–CR–662, 700 N.E.2d 513, slip op. at 6 (Ind.Ct.App. Aug. 13, 1998). The court concluded, "[u]nder the circumstances, we cannot say counsel's performance was ineffective." *Id.* at 7.

Thomas now alleges appellate ineffectiveness because his appellate counsel "never took the steps necessary to get the medical reports from Wishard Hospital and the laboratory into the appellate record." Br. of Appellant at 10–11. He argues that his appellate counsel should have sought to suspend the appeal and supplement the record by means of a special evidentiary proceeding pursuant to *Davis v. State,* 267 Ind. 152, 368 N.E.2d 1149 (1977). Thomas challenges only his appellate counsel's failure to pursue a *Davis* proceeding. He does not, however, challenge his appellate counsel's decision to raise the issue of trial counsel ineffectiveness on direct appeal rather than saving it for post-conviction proceedings with its corollary opportunity there to develop an evidentiary record.

We are very reluctant to consider a claim of appellate ineffectiveness based on the failure to request a *Davis* proceeding. Appellate counsel's use or non-use of such a proceeding does not have substantive significance, but serves only to raise at an earlier time an issue that otherwise would be available for later presentation in post-conviction proceedings. It is difficult to imagine how the failure to seek a *Davis* proceeding could result in substantive prejudice. Furthermore, addressing omitted evidence is normally outside the professional norms of direct appeal counsel.

[E]xpecting appellate lawyers to look outside the record for error is unreasonable in light of the realities of appellate practice. Direct appeal counsel should not be forced to become a second trial counsel. Appellate lawyers may have neither the skills nor the resources nor the time to investigate extra-record claims, much less to present them coherently and persuasively to the trial court.

*Woods,* 701 N.E.2d at 1216.

■ In the present case, however, the alleged failure of Thomas's trial counsel to introduce the medical report and lab results was known to his appellate counsel, who attempted to raise the issue on direct appeal. The performance of appellate counsel may be found deficient if the counsel's conduct is "found unquestionably unreasonable considering the information available in the trial record *or otherwise known* to appellate counsel." *Ben–Yisrayl v. State,* 738 N.E.2d 253, 261 (Ind.2000) (emphasis added). In determining whether, and how, to present an issue on direct appeal, counsel "must consider various factors, including the likelihood of appellate success and the principles of *res judicata* and procedural default, which may foreclose future review in subsequent post-conviction proceedings." *Id.* at 261. We need not resolve whether the deficient performance of appellate counsel was established, however, because we find the prejudice prong analysis to be determinative.

■ Thomas's burden on post-conviction was to establish not only that the performance of his direct appeal lawyer fell below professional norms, but also to demonstrate a reasonable probability that, but for the deficient performance, the outcome

of the direct appeal would have been different. The post-conviction evidence does not conclusively establish the prejudice prong. Thomas acknowledges that the victim testified at trial that she was raped by Thomas and "in no uncertain terms that Thomas penetrated her." Br. of Appellant at 8. His post-conviction claim is that trial counsel failed to present medical reports that "would have permitted a jury to reasonably conclude that sexual intercourse did not occur." Br. of Appellant at 5. The medical reports at issue contain a narrative from Dr. Beata Weiermiller, the victim's treating physician, recounting the details of the attack as relayed to the doctor by the victim. It reads, in part:

> [The assailant] told her to pulled [sic] her pants down and was threatening her. He essentially had his penis out of his pants, just out of the zipper, layed [sic] himself on top of the patient and started fondling her after she took off her underwear. The patient started screaming. There was possible vaginal penetration because it "hurt" according to the patient. The alleged assailant, after the patient started screaming, took himself off her and wiped off his penis.

Appellant's App. at 42. Thomas characterizes this as a "less than compelling initial account to Dr. Weiermiller of her alleged rape," Br. of Appellant at 5, arguing that because the victim mentioned nothing about penetration or intercourse to her doctor, the report could have been strong impeachment evidence against the credibility of the victim, who, at trial, testified that Thomas indeed penetrated her. Appellant's App. at 52–54. The medical report also contains Dr. Weiermiller's findings following her physical examination of the victim:

> There were no injuries noted, no signs of bruising, no skin lesions.... Extremities; no clubbing, cyanosis or edema.... Pelvic examination showed no

external lesions. The hymenal ring was intact. There was a perforate hymen allowed on one finger. Cervix was nulliparous without lesions. There were no injuries seen. No evidence of bleeding.... Wet mount performed revealed no sperm, normal vaginal flora and no organisms.

Appellant's App. at 43. Thomas also calls our attention to laboratory results which state: "No seminal material found. No blood staining detected." Id. at 46.

He claims that introduction of the medical and laboratory records would have "serve[d] to create serious doubt as to the issue of actual penetration," Br. of Appellant at 9, and might have been used on cross examination to get the victim to acknowledge "an uncertainty about being penetrated given the total absence of physical evidence to support such a claim." Id.

To establish Strickland's prejudice prong in his claim of ineffective appellate assistance, it was Thomas's burden to demonstrate to the post-conviction court a reasonable probability that, but for appellate counsel's unprofessional errors, the result of the proceeding would have been different. For the result of the direct appeal to have been different, the Court of Appeals would have had to find that the omission of this evidence created a reasonable probability that the outcome of the Thomas's trial would have been different. In this appeal from the denial of his post-conviction claim, Thomas's burden here is to establish that the evidence is without conflict and leads to a conclusion opposite that the post-conviction court's determination that Thomas was not denied effective assistance of counsel on appeal. Given the direct testimony of the victim that Thomas sexually assaulted and penetrated her, we cannot conclude that presentation of the omitted impeachment evidence would necessarily have required the post-conviction court to find a reasonable probability that

the result of the direct appeal would have been different.

In addition, the fact that trial counsel did not present the medical reports to the jury may have been a reasonable tactical strategy, since Dr. Weiermiller's reports could have had the effect of corroborating and otherwise bolstering much of the victim's testimony. It was Thomas's burden on post-conviction to establish his claim of ineffective assistance of counsel, and Thomas did not present post-conviction evidence regarding his appellate lawyer's actual reasons for not presenting this evidence. Counsel is afforded considerable discretion in choosing tactics and strategy, and we will accord those decisions deference. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694 (1984). "A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052; *see also, Timberlake v. State,* 753 N.E.2d 591, 603 (Ind. 2001); *Perez v. State,* 748 N.E.2d 853, 854 (Ind.2001); *Morgan v. State,* 755 N.E.2d 1070, 1073 (Ind.2001).

We find that Thomas has not demonstrated that the evidence is without conflict and compels a conclusion opposite that of the post-conviction court.

The post-conviction court found that appellate counsel's performance did not deprive Thomas of effective assistance of counsel on direct appeal. The facts in this record do not point unerringly to the opposite conclusion, the standard required for relief. With respect to issues other than ineffective assistance of appellate counsel, the decision of the Court of Appeals is summarily affirmed pursuant to Appellate Rule 58(A)(2).

### Conclusion

Transfer having previously been granted, we affirm the denial of post-conviction relief.

SHEPARD, C.J., and SULLIVAN and RUCKER, JJ., concur.

BOEHM, J., dissents with separate opinion.

BOEHM, Justice. dissenting.

I respectfully dissent. For the reasons given by the Court of Appeals, I would conclude there was a reasonable probability that the omitted evidence would have affected the jury's finding of penetration. As a result, trial counsel's performance was inadequate and prejudicial, setting up a claim of ineffective assistance. Appellate counsel precluded review of this issue on direct appeal by raising the issue of ineffective assistance of trial counsel without supplementing the record through a *Davis* proceeding or otherwise to establish what the omitted evidence was. Because I agree with the Court of Appeals that the omitted evidence was prejudicial in *Strickland* terms, failure to preserve this issue was ineffective appellate assistance and prejudicial because the Court of Appeals, if presented with it, would have found a reasonable probability of prejudice from trial counsel's omission, and ordered a new trial bases on ineffective assistance of trial counsel.