**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 07 2012, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TERRANCE MITCHEM**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TERRANCE MITCHEM, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )  No.  71A03-1110-PC-497 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D02-0801-PC-6

**September 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Pro-se appellant Terrance Mitchem ("Mitchem") appeals the denial of his petition for post-conviction relief, which challenged his convictions for one count of Murder,[1] three counts of Attempted Murder,[2] two counts of Rape,[3] and one count of Criminal Deviate Conduct.[4]  We affirm.

## Issue

Mitchem presents a single issue for review, which we restate as whether he was denied procedural due process because the post-conviction court addressed, in its findings of fact, conclusions of law, and order, issues presented by Mitchem's post-conviction counsel at the post-conviction hearing, as opposed to issues delineated in the original pro-se petition for post-conviction relief.

## Facts and Procedural History

On direct appeal, the Indiana Supreme Court recited the relevant facts as follows:

> On June 12, 1995, defendant and two codefendants, Michael Greer and Dorian Lee, armed with weapons, entered a home occupied by four adults.  Defendant raped the two female occupants.  Defendant then told the four occupants to line up against the wall with their backs towards defendant, Greer and Lee. Defendant then changed his mind and told the occupants to turn around to face the defendant and to kneel.  Greer, Lee, and defendant opened fire on all four occupants.  One victim died and the other three survived.

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code §§ 35-41-5-1, 35-42-1-1.

[3] Ind. Code § 35-42-4-1.

[4] Ind. Code § 35-42-4-2.

Mitchem v. State, 685 N.E.2d 671, 673 (Ind. 1997). Mitchem was charged with Murder, Burglary, three counts of Attempted Murder, two counts of Rape, and one count of Criminal Deviate Conduct. On December 11, 1995, a jury acquitted Mitchem of Burglary and convicted him of all other charges against him. He was sentenced to ninety years imprisonment. His conviction and sentence were affirmed on direct appeal. Id. at 680.

On January 8, 2001, Mitchem filed a Petition for Post-Conviction Relief. Due to changes of counsel, recusal of the initial post-conviction judge, and various continuances, the post-conviction court did not commence an evidentiary hearing on Mitchem's petition until December 4, 2009. At that time, the post-conviction court observed that the CCS had included a notation that an amendment to the petition was anticipated, but had not been filed. The court asked Mitchem's counsel to clarify the issues presented for post-conviction relief.

Mitchem's counsel articulated the following arguments: (1) whether trial counsel was ineffective for abandoning an issue regarding suppression of a firearm, (2) whether an adequate record was made to preserve an error relating to the requirement of specific intent to kill (as related to Attempted Murder), (3) alleged fundamental error in jury instructions, (4) whether appellate counsel was ineffective for failing to raise an argument regarding the jury instructions, and (5) whether appellate counsel was ineffective for omitting a sentencing argument as to a mitigating circumstance.

Testimony and exhibits were presented at the December 4, 2009 hearing and at a subsequent hearing on October 15, 2010. Mitchem and the State each filed proposed findings of fact and conclusions of law. On August 17, 2011, the post-conviction court

3

issued its findings of fact, conclusions of law, and order denying Mitchem post-conviction relief. He now appeals.

**Discussion and Decision**

When a post-conviction court disposes of a petition for post-conviction relief, it "shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." Ind. Post-Conviction Rule 1(6). In a lengthy and well-reasoned order, the post-conviction court addressed each of the allegations articulated by Mitchem's counsel at the post-conviction hearing.

Mitchem now asks that we "either remand back to the lower court for a full Facts Finding and Conclusion of Law on the PCR that was stamp filed under oath, or rule on the PCR itself." Appellant's Brief at 7. The entirety of Mitchem's argument set forth in his appellant's brief is as follows:

> A court that hears a Post Conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), Minor v. State, 641 N.E.2d 85 (Ind. App. 1 Dist. 1994).
>
> The findings must be supported by the facts, and the conclusions must be supported by the law. Thomas v. State, 776 N.E.2d 1227 (Ind. App. 2002).
>
> In the instant case, the post conviction court issued it's [sic] finding of fact and conclusions of law on four issues that was [sic] orally given to the PCR court by counsel, thereby setting aside the PCR that was made under oath, verified, and filed in the trial court in accordance with the PCR rule 1.§6 [sic].

Appellant's Brief at 6.

As best we can discern Mitchem's argument, he contends that the post-conviction court is obliged to address all issues raised in a post-conviction petitioner's original petition

4

for post-conviction review, regardless of whether post-conviction counsel has communicated an intention to abandon certain issues or to refrain from presenting evidence thereon. Essentially, Mitchem denies that he is bound by his counsel's representations to the post-conviction court. He cites no authority to support these propositions. Nor does he specifically identify any issue raised in the original petition but not addressed by the post-conviction court.[5]

Indiana Appellate Rule 46(A)(8)(a) provides:

The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

A party waives any issue raised on appeal where the party has failed to develop a cogent argument or provide adequate citation to authority and portions of the record. Smith v. State, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), trans. denied. Having failed to comply with Appellate Rule 46, Mitchem has waived this Court's review and thus Mitchem has failed to establish grounds for reversal of the post-conviction order denying him relief.

---

[5] The State observed, in its appellee's brief of July 5, 2012, that Mitchem had included no copy of his Petition for Post-Conviction Relief in his Appendix. Mitchem responded by filing, on August 1, 2012, a Supplemental Appendix containing a pro-se Petition for Post-Conviction Relief. In response to the pre-printed directive "State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence," Mitchem had responded: "See, Memorandum of Law in Support of Post Conviction Relief Petition." (Supp. App. at 3.) The Memorandum included several sections designated as "arguments" and stating Mitchem's contentions that he had been denied due process and effective assistance of counsel. To the extent that Mitchem attempted to present free-standing claims of error, his contentions were properly abandoned by his post-conviction counsel. See Sanders v. State, 765 N.E.2d 591, 592 (Ind. 2002) (holding that, generally, post-conviction complaints that something went awry at trial are cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal). See also Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007) (observing that, if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed).

Affirmed.

RILEY, J., and CRONE, J., concur.