James R. HARVEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 64S00-8809-CR-00839.

Supreme Court of Indiana.

Nov. 30, 1989.

Roger T. Moore, Portage, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, James R. Harvey, was convicted of four counts of robbery. He received concurrent sentences of fifteen years on the first three counts and a consecutive sentence of ten years on the fourth count. In this direct appeal, the defendant questions the admissibility of accomplice testimony and of evidence showing his involvement in a prior robbery.

The defendant contends that the trial court erred in admitting the testimony of an accomplice, Randall Snellgrove, because it "lacked the inherent trustworthiness required of witness testimony."

At trial the State presented evidence of four robberies perpetrated by a gunman who was assisted by a getaway driver. Previously convicted as the armed robber, Snellgrove testified that the defendant drove the getaway car after each crime. Snellgrove also admitted that he was testifying pursuant to an agreement with the prosecutor for a reduced sentence.

While it is expected that the factfinder should carefully scrutinize an accomplice's testimony procured through a plea agreement, such fact bears on credibility, not competency to testify. *Johnson v. State* (1988), Ind., 518 N.E.2d 1087. The "trustworthiness" of Snellgrove's testimony was a matter of credibility for jury determination. The trial court did not err in admitting the testimony.

The defendant also claims reversible error in the admission of evidence concerning a prior robbery in which he was the getaway driver. The State counters, in part, that the defendant failed to preserve the error.

During the presentation of the witnesses testifying on behalf of the State, the following colloquy occurred:

[PROSECUTOR]: Judge, the next matter I intended to get into is a matter we discussed in chambers as to admissibility of it or not.

THE COURT: Want to approach it and see where we are?

[DEFENSE COUNSEL]: May the record note I have filed the appropriate motion in this case, and the Court has overruled it, so the record is complete.

THE COURT: Yes, I will. You filed a motion in limine on this next witness concerning areas that the witness is going to testify to, and the State and [defense counsel] made their arguments to the Court on the motion in limine filed by the Defense, and the Court's denied the motion, allowed the State to proceed.

Thereafter, the State called a witness who testified regarding a gas station robbery he had witnessed on February 11, 1986, in Portage, Indiana. Following this testimony, the Court asked defense counsel whether "your motion went to the next several witnesses or just that witness," to which defense counsel replied, "Well, they're tied together, so [sic] would run as to all witnesses in the area in which the State is now proceeding." The next witness, a detective captain in the Portage Police Department, testified regarding the investigation of the Portage robbery and said the present defendant was charged with aiding in the robbery because of "his participation in the robbery and the fact that he drove the car during the robbery." Thereafter, when the officer was asked to read the statement given by the defendant at that time, defense counsel stated, "My standing objection goes as to that, your honor." The objection was overruled.

The record does not disclose the content of any discussion in chambers or of the alleged motion in limine. Nor does it reflect the specific basis of his motion or subsequent objection.

"Counsel must state the proper basis for an objection before it will be deemed to have been properly brought to the trial court's attention." *Winningham v. State* (1982), 432 N.E.2d 24, 28. Failure to state the specific basis for objection waives the issue on appeal. *Abner v. State* (1985), Ind., 479 N.E.2d 1254 (issue waived where defendant objected "for reasons that we previously argued in chambers."); *Yurina v. State* (1985), Ind., 474 N.E.2d 93. Noting the principal reasons, 3 W. Harvey, *Indiana Practice*, Rule 46, at 270–71 (2d ed.1988), states:

> It may well protect the trial court from committing error and will furnish a proper basis to correct the trial court on review when it has committed error. It should prevent the entrapment of the trial court by a general objection when there is a specific and valid ground therefor, which, though not considered, the objecting party subsequently may wish to urge on appeal. [citations omitted]

A defendant is also under a duty to present an adequate record clearly showing the alleged error. *Stallings v. State* (1987), Ind., 508 N.E.2d 550; *Berry v. State* (1985), Ind., 483 N.E.2d 1369.

In the present case, the defendant's failure to present a record demonstrating the specific objection waives the consideration of the error he alleges.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and De BRULER, GIVAN, and PIVARNIK, JJ., concur.