Marlon L. SCISNEY, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 82S05–9811–CR–687.

Supreme Court of Indiana.

Nov. 2, 1998.

Michael C. Keating, Keating, Bumb & Vowels, P.C., Evansville, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

The defendant, Marlon Scisney, was convicted of possession of cocaine in an amount over three grams with the intent to deliver[1] and possession of marijuana.[2] The Court of Appeals affirmed. *Scisney v. State,* 690 N.E.2d 342 (Ind.Ct.App.1997). We grant transfer to address whether a party must

---

1. IND.CODE § 35–48–4–1(a)(2) (1993).

2. IND CODE § 35–48–4–11 (1993).

tender an alternative instruction in order to preserve a claim of instruction error.

■ Before closing arguments, during the instruction conference, the trial court proposed to combine separate instructions on the doctrine of constructive possession into a single instruction. Defense counsel objected on the ground that the instruction was not a sufficiently clear statement of the law, but did not tender an alternative instruction. Citing two of this Court's previous cases, the Court of Appeals found that the failure to tender an alternative instruction waived the error on appeal. *Id.* at 347 (citing *Whittle v. State,* 542 N.E.2d 981 (Ind.1989); *Springer v. State,* 463 N.E.2d 243 (Ind.1984)). In some of our recent opinions, we have referred, in the context of waiver, to the failure to object and tender an alternative instruction to an erroneous instruction. *See Sanchez v. State,* 675 N.E.2d 306, 308 (Ind.1996); *Sears v. State,* 668 N.E.2d 662, 670 (Ind.1996). However, the outcome in each of these four cases did not rest solely upon the failure to tender an alternative instruction but rather included other reasons. *Sanchez,* 675 N.E.2d at 308 (instruction error waived by not objecting *or* tendering alternative instruction); *Sears,* 668 N.E.2d at 670 (instruction correct on merits and, alternatively, claim of error waived for failure to provide basis for the objection *or* to tender alternative instruction); *Whittle,* 542 N.E.2d at 991 (claim of error waived by failures to object at trial, to tender corrective instruction, and to include instruction and objection in appellate brief); *Smith v. State,* 465 N.E.2d 1105, 1123 (Ind.1984) (claim waived by failure to request or tender instructions, to *include them in appellate brief,* and to present supporting authority or cogent argument on appeal); *Springer,* 463 N.E.2d at 246 (instruction correct on merits and, alternatively, claim of error waived for failure "to tender substitute instructions if he believed that the trial court's proposed instructions were confusing or incorrect").

■ *Mitchem v. State,* 685 N.E.2d 671 (Ind.1997), represents a better approach, focusing not merely upon the tender of an alternative instruction but rather upon whether an instruction objection at trial was sufficiently clear and specific to inform the trial court of the claimed error and to prevent inadvertent error. *Id.* at 675. Indiana Trial Rule 51(C) declares in part:

> At the close of the evidence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

Ind.Trial Rule 51(C). This rule does not contain any express requirement for the submission of an alternative instruction to preserve for appeal a claim of error in the giving of an instruction.[3] However, the rule does require counsel to identify the specific objection and its grounds to enable the trial court to avoid error and to facilitate appellate review. *Smith v. State,* 565 N.E.2d 1059, 1061 (Ind.1991); *Harvey v. State,* 546 N.E.2d 844, 846 (Ind.1989). The purpose is not to create a procedural trap but to enhance trial fairness and to enable effective appellate review.

The value of a tendered alternative instruction to the proper administration of justice will vary depending upon the nature of the objection. An objection to an incorrect instruction regarding an unnecessary issue will likely not be enhanced by also requiring a proposed alternative. To provide specific grounds in support of an objection to an incorrect jury instruction upon a relevant issue, however, a tendered alternative instruction, a substantial equivalent, or a sufficiently detailed explanation on the record will

---

**3.** When the claimed error is the failure to *give* an instruction, as distinguished from the *giving of an erroneous one,* a tendered instruction is necessary to preserve error because, without the substance of an instruction upon which to rule, the trial court has not been given a reasonable opportunity to consider and implement the request. *See, e.g., White v. State,* 687 N.E.2d 178, 179 (Ind.1997); *Lane v. State,* 451 N.E.2d 659, 660 (Ind.1983).

usually be necessary to inform the trial and appellate courts. This is particularly appropriate when a trial objection focuses upon the language of a proposed instruction (e.g., when the objection alleges that an instruction is confusing, misleading, or incomplete). We hold that appellate review of a claim of error in the giving of a jury instruction requires a timely trial objection clearly identifying both the claimed objectionable matter and the grounds for the objection, but that the tender of a proposed alternative instruction is not necessarily required to preserve the claim of error. Prior decisions to the contrary are hereby overruled.

In the present case, the final instruction at issue was formulated during the court's instruction conference with counsel. Defense counsel objected on the general ground that the instruction was an unclear statement of the law. However, counsel failed to explain to the trial court why the instruction was unclear or what could be done to correct the instruction, and thus failed to identify adequately the "matter to which he objects and the grounds of his objection," T.R. 51(C), to facilitate correction of the claimed error. Because of this failure, and not because of the failure to tender an alternative instruction, the claim of error is waived.

Transfer is granted. As to all other issues, we summarily affirm the Court of Appeals. Ind.Appellate Rule 11(B)(3). The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.