**Anthony McGREGOR, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–9902–CR–115.**

Supreme Court of Indiana.

March 24, 2000.

1993). Further, Wallace does raise this point as an issue on appeal.

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant-appellant, · Anthony McGregor, was convicted of rape, as a class A felony,[1] and found to be a habitual offender.[2] We affirm.

The defendant first challenges the trial court's choice of a jury instruction regarding reasonable doubt. The court gave the instruction expressly approved in *Winegeart v. State*, 665 N.E.2d 893, 902 (Ind.1996). The defendant requests that we reconsider our holding in *Winegeart*. The State urges that the defendant waived this claim on appellate review by failing to object contemporaneously to the giving of this instruction as a final instruction, even though the defendant did object to the giving of this instruction as a preliminary instruction.

Indiana Trial Rule 51(C) declares in part: "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." *See also* Ind.Crim. Rule 8(B) & (H). The appellate review of a claim of instruction error requires a timely and

---

1.  IND.CODE § 35–42–4–1.

2.  IND.CODE § 35–50–2–8.

precise trial objection. *Scisney v. State,* 701 N.E.2d 847, 849 (Ind.1998). We require that an instruction objection at trial be timely, clear, and specific to inform the trial court of the claimed error, to afford an opportunity for timely correction and thus prevention of inadvertent error, and to facilitate appellate review. *Mitchem v. State,* 685 N.E.2d 671, 675 (Ind.1997); *Smith v. State,* 565 N.E.2d 1059, 1061 (Ind. 1991), *overruled on other grounds Albaugh v. State,* 721 N.E.2d 1233, 1235 & n. 5 (Ind.1999); *Harvey v. State,* 546 N.E.2d 844, 846 (Ind.1989). The purpose is not to create a procedural trap. *Scisney,* 701 N.E.2d at 848.

In the present case, the defendant timely objected to the trial court's preliminary instruction No. 6 regarding reasonable doubt and tendered its proposed instruction as a replacement. The trial court denied the defendant's request to give his tendered instruction and instead gave its own instruction as proposed. The trial concluded the next day. At the close of evidence, the defense did not object to the court's reasonable doubt instruction, even though the court indicated that it would again give the preliminary instructions as part of the final instructions.

In this two-day trial, where the defendant timely objected to the trial court's proposed preliminary instruction on reasonable doubt, clearly presented to the trial court the same objection he now raises on appeal, but did not again recite the objection when the trial court re-read its preliminary instructions as part of the final instructions, we decline to find waiver. *See Lee v. State,* 424 N.E.2d 1011, 1012 (Ind.1981); *but cf. Phillips v. State,* 496 N.E.2d 87, 89 (Ind.1986).

However, we find that the trial court did not err in giving its reasonable doubt instruction. We expressly approved this instruction in *Winegeart* and have since frequently considered and repeatedly approved the instruction, rejecting challenges such as those made by the defendant here. *See, e.g., Turnley v. State,* 725 N.E.2d 87, 89 (Ind.); *Williams v. State,* 724 N.E.2d 1093, 1094–95 (Ind.2000); *Dobbins v. State,* 721 N.E.2d 867, 874–75 (Ind. 1999); *Ford v. State,* 718 N.E.2d 1104, 1105 (Ind.1999); *Barber v. State,* 715 N.E.2d 848, 851–52 (Ind.1999); *Williams v. State,* 714 N.E.2d 644, 650 (Ind.1999), *cert. denied* —— U.S. ——, 120 S.Ct. 1195, 145 L.Ed.2d 1099 (2000); *Young v. State,* 696 N.E.2d 386, 390 (Ind.1998); *Tobias v. State,* 666 N.E.2d 68, 69 (Ind.1996). We decline to reconsider *Winegeart.*

■ The defendant also contends that the trial court abused its discretion by not instructing the jury at the beginning of the habitual offender stage that the jury was the judge of the law and the facts, although the jury was twice previously so instructed. The defendant acknowledges that he failed to request that the trial court again read this instruction to the jury and that he failed to object to habitual offender phase final instruction No. 29, but asserts a claim of fundamental error to avoid the application of procedural default. This is not fundamental error. *Seay v. State,* 698 N.E.2d 732, 737 (Ind.1998). We find that this claim was forfeited.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.