James HAMILTON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0202–CR–122.

Court of Appeals of Indiana.

March 5, 2003.

Teresa D. Harper, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

James Hamilton appeals his convictions of voluntary manslaughter, battery, and carrying a handgun without a license. Specifically, Hamilton contends that the trial court erred in refusing to give his tendered jury instruction on criminal recklessness as a lesser-included offense of murder and in instructing the jury on reasonable doubt. Because the trial court instructed the jury on reckless homicide as a lesser-included offense of murder and reckless homicide and criminal recklessness with a deadly weapon are both Class C felonies, the trial court did not abuse its discretion in refusing to instruct the jury on criminal recklessness. Furthermore, because the trial court used the reasonable doubt instruction approved by the Indiana Supreme Court, the trial court also did not abuse its discretion in instructing the jury on reasonable doubt.

### Facts and Procedural History

In the early morning hours of December 31, 2000, Hamilton, Michael Jones, and others were drinking around a barrel fire near 33rd Street and Broadway Avenue in Indianapolis. Hamilton and Jones began to argue about a recent killing of Jones' friend because Jones thought that Hamilton had something to do with it. After the argument, Jones kicked the barrel over and left. As Jones left, he told Hamilton that "he better not be here" when he gets back or else he would "smack him in the mouth." Tr. p. 94. Hamilton left but came back, parking his car in an adjacent alley to allow it to warm up. Jones returned about fifteen to twenty minutes later and asked Hamilton why he was still here. The two then resumed their argument. Hamilton tried to leave by getting in his car. However, Jones kept kicking Hamilton's door closed. Jones also stood on Hamilton's car and would not move. Hamilton then pulled out a pistol and fired three shots, hitting Jones in the shoulder and thigh. At this point, Jones told Hamilton "[y]ou know you've got to kill me" and started to walk away from him. Tr. p. 100. However, Jones turned around and started to walk back towards Hamilton, again telling him, "Bitch, you've got to kill me." Tr. p. 102. Hamilton then started firing at Jones as he ran towards Jones. When Hamilton got close to Jones, he shot him twice in the head. Hamilton then drove away in his car. Jones died at the scene.

The State subsequently charged Hamilton with Murder,[1] Battery as a Class C felony,[2] and Carrying a Handgun without a

---

1. Ind.Code § 35–42–1–1(1).

2. Ind.Code § 35–42–2–1(a)(3).

License as a Class C felony.[3] At trial, the trial court instructed the jury on these offenses as well as Voluntary Manslaughter as a Class A felony[4] and Reckless Homicide as a Class C felony[5] as lesser-included offenses of murder. Following the jury trial, Hamilton was convicted of voluntary manslaughter, battery, and carrying a handgun without a license. This appeal ensued.

## Discussion and Decision

■ Hamilton raises two issues on appeal. First, he contends that the trial court erred in refusing to give his tendered jury instruction on criminal recklessness as a lesser-included offense of murder. Second, he contends that the trial court erred in instructing the jury on reasonable doubt. Instructing the jury lies within the sole discretion of the trial court, and we will not reverse for an abuse of that discretion unless the instructions as a whole mislead the jury as to the law in the case. *Carter v. State*, 766 N.E.2d 377, 382 (Ind.2002), *reh'g denied.*

### I. Criminal Recklessness Instruction

[2–5] Hamilton contends that the trial court erred in refusing to give his tendered jury instruction on criminal recklessness as a lesser-included offense of murder.[6] When a defendant requests a lesser-included offense instruction, the tri-

al court must apply the three-part analysis set forth in *Wright v. State*, 658 N.E.2d 563 (Ind.1995). *Wilson v. State*, 765 N.E.2d 1265, 1271 (Ind.2002). The first two parts require the trial court to determine whether the offense is either inherently or factually included in the charged offense. *Id.* If so, then the trial court proceeds to the final part, which requires the trial court to determine whether there is a serious evidentiary dispute regarding any element that distinguishes the two offenses. *Id. Wright* held that "if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense." 658 N.E.2d at 567. In deference to the trial court's proximity to the evidence, we review a decision whether to instruct the jury on lesser-included offenses for an abuse of discretion if the court makes a finding as to the existence or lack of a serious evidentiary dispute. *McEwen v. State*, 695 N.E.2d 79, 84 (Ind.1998). Here, in denying Hamilton's request for an instruction on criminal recklessness, the trial court specifically stated, "I am not giving criminal recklessness because I don't think there is a serious evidentiary dispute that in fact the Defendant killed Mr. Jones." Tr. p. 288. Because of this finding, we will review the

---

**3.** Ind.Code §§ 35–47–2–1, –23(c)(2)(A)(i).

**4.** Ind.Code § 35–42–1–3(a)(1).

**5.** Ind.Code § 35–42–1–5.

**6.** We observe that despite Hamilton's argument on appeal that the trial court erred in refusing to give his tendered jury instruction on criminal recklessness as a lesser-included offense of murder, it appears that at trial Hamilton requested the trial court to give this instruction as a lesser-included offense of battery. The following exchange bears this out:
[Judge:] I am not giving criminal recklessness because I don't think there is a serious

evidentiary dispute that in fact the Defendant killed Mr. Jones.
[Prosecutor:] I think that [instruction] was tendered for the C battery, Judge.
Tr. p. 288. Defense counsel did not correct the prosecutor, and the trial court found that criminal recklessness was not a lesser-included offense of battery either. Nevertheless, we will address Hamilton's argument on appeal that the trial court erred in refusing to give his tendered jury instruction on criminal recklessness as a lesser-included offense of murder.

trial court's refusal to give Hamilton's criminal recklessness instruction for an abuse of discretion.

■ As for the first two parts of the *Wright* test, the only element distinguishing the crimes of criminal recklessness and murder is culpability. *Miller v. State,* 720 N.E.2d 696, 702–03 (Ind.1999). Criminal recklessness occurs when a person recklessly, knowingly, or intentionally "inflicts serious bodily injury on another person." Ind.Code § 35–42–2–2(c)(1). "Serious bodily injury" is defined as a bodily injury that "creates a substantial risk of death." Ind.Code § 35–41–1–25. In effect, criminal recklessness occurs when there is a(1) reckless, knowing, or intentional (2) infliction of a (3) serious bodily injury—including (4) death on another person. *Miller,* 720 N.E.2d at 703. Murder occurs when a person (1) knowingly or intentionally (2) kills (3) another human being. Ind.Code § 35–42–1–1(1). Culpability remains the sole distinguishing element between criminal recklessness and murder and as such makes criminal recklessness an inherently lesser-included offense of murder. *Miller,* 720 N.E.2d at 703. As for the final part of the *Wright* test, we must determine whether there is a serious evidentiary dispute as to the distinguishing element. Here, the trial court found that there was no serious evidentiary dispute regarding an element that is not the distinguishing element between criminal recklessness and murder. However, we observe that the trial court must have found a serious evidentiary dispute regarding the distinguishing element, culpability, because it instructed the jury on reckless homicide as a lesser-included offense of murder.

Therefore, under the *Wright* test, it appears at first blush that the trial court should have given Hamilton's tendered instruction on criminal recklessness as a lesser-included offense of murder. However, the policy behind the *Wright* test is to allow the jury to make a determination on the distinguishing element by finding the defendant guilty of the lesser-included offense. In fact, Hamilton's very argument is that the trial court's refusal to instruct the jury on criminal recklessness effectively prevented the jury from finding that he acted recklessly when he killed Jones. But in giving the instruction on reckless homicide, the trial court gave the jury the opportunity to determine that Hamilton acted recklessly instead of knowingly or intentionally. Despite this opportunity, the jury found Hamilton guilty of voluntary manslaughter, which requires a knowing or intentional mens rea. Furthermore, although Hamilton wanted the trial court to instruct the jury on criminal recklessness, criminal recklessness with a deadly weapon and reckless homicide, which the trial court instructed the jury on, are both Class C felonies. As such, the trial court did not abuse its discretion in refusing to instruct the jury on criminal recklessness as a lesser-included offense of murder. *Cf. Turner v. State,* 751 N.E.2d 726, 733–34 (Ind.Ct.App.2001) (granting post-conviction relief because despite a serious evidentiary dispute regarding the defendant's culpability, the trial court did not instruct the jury on either reckless homicide or criminal recklessness as lesser-included offenses).

## II. Reasonable Doubt Instruction

■ Hamilton contends that the trial court erred in instructing the jury on reasonable doubt. Specifically, Hamilton challenges the last sentence of the trial court's Instruction Numbers 16 and 22, which provide: "If on the other hand, you think there is a real possibility that he is not guilty, you should give him the benefit of the doubt and find him not guilty." Appellant's App. p. 124, 155. However, Instruction Numbers 16 and 22 are the same

instruction approved by the Indiana Supreme Court in *Winegeart v. State,* 665 N.E.2d 893, 902 (Ind.1996). The supreme court has subsequently approved this instruction in numerous cases. *See, e.g., Albrecht v. State,* 737 N.E.2d 719, 731 (Ind. 2000), *reh'g denied; Maul v. State,* 731 N.E.2d 438, 441 (Ind.2000); *McGregor v. State,* 725 N.E.2d 840, 842 (Ind.2000); *Williams v. State,* 724 N.E.2d 1093, 1094–97 (Ind.2000). We decline to revisit this instruction. Accordingly, the trial court did not abuse its discretion in instructing the jury on reasonable doubt.

Judgment affirmed.

NAJAM and BARNES, JJ., concur.