# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 11 2016, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E. Hamilton
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amanda Gonzales,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 11, 2016<br><br>Court of Appeals Case No.<br>30A01-1509-CR-1308<br><br>Appeal from the Hancock Superior Court.<br>The Honorable Terry K. Snow, Judge.<br>Cause No. 30D01-1409-F6-1620 |

**Shepard, Senior Judge**

[1] After a bench trial, the court determined that Amanda Gonzales was guilty of battery resulting in moderate bodily injury, a Level 6 felony,[1] and conspiracy to commit battery, a Level 6 felony,[2] in connection with a jail assault. She appeals only the conspiracy conviction, and we affirm.

## Issue

[2] Gonzales raises a single issue: whether there is sufficient evidence to sustain her conspiracy conviction.

## Facts and Procedural History

[3] On the evening of September 18, 2014, Corrections Officer Michael McPherson was on patrol in the Hancock County Jail when he heard screaming coming from Cell Block H. He entered the cell block and approached a cell, where he saw inmates Gonzales and Laquita Griggs repeatedly hitting another inmate, Kristy Campbell, as she screamed for help. Officer McPherson ordered Gonzales and Griggs to desist, but they continued attacking Campbell until he drew his Taser. Campbell was taken to the infirmary for treatment.

---

[1] Ind. Code § 35-42-2-1 (2014).

[2] Ind. Code § 35-41-5-2 (2014).

[4] The State charged Gonzales with battery, conspiracy to commit battery, and obstruction of justice. During a bench trial, the court dismissed the obstruction charge and found Gonzales guilty of battery and conspiracy to commit battery.

## Discussion and Decision

[5] Gonzales does not dispute that she battered Campbell but claims there is insufficient evidence that she conspired with others for the attack. In reviewing a challenge to the sufficiency of the evidence, we affirm unless no reasonable trier of fact could have found each of the elements of a crime proven beyond a reasonable doubt. *Smith v. State*, 8 N.E.3d 668 (Ind. 2014). We neither reweigh evidence nor assess the credibility of witnesses. *Id.*

[6] To obtain a conviction for conspiracy to commit battery, the State was required to prove that Gonzales (1) with the intent to commit battery (2) agreed with other persons (3) to commit battery (4) and either Gonzales or another party to the agreement performed an overt act in furtherance of the agreement. Ind. Code § 35-41-5-2. An agreement may be inferred from circumstantial evidence, which may include the overt acts of the parties in furtherance of the criminal act. *Dickenson v. State*, 835 N.E.2d 542 (Ind. Ct. App. 2005), *trans. denied*.

[7] Prior to September 18, 2014, Campbell had given information to law enforcement about a pending criminal case against Gonzales. On September 18, an inmate asked Campbell to go to a cell. Campbell went into the cell and sat down on a mattress on the floor.

[8] Next, Gonzales and Griggs entered the cell together. Gonzales asked Campbell, "What did you do, Kristy?" Tr. p. 45. Campbell responded, "What do you mean?" *Id.* Gonzales told Campbell, "You know what you did. Now would be the time to be honest." *Id.* Campbell said, "You need to be more specific." *Id.* Griggs hit Campbell, and Gonzales followed suit. Campbell curled up in a fetal position and screamed for help as Griggs and Gonzales continued to hit her and pulled out her hair. Gonzales told Campbell, "No one is gonna help you." *Id.* at 49. After several minutes, Officer McPherson heard Campbell's screams and ended the attack. Later, a police officer reviewed security camera recordings of the cell block during the time of the battery. He saw one inmate turn up a television's volume to drown out the sounds of the battery, and another inmate guarded an alarm button to prevent others in the cell block from requesting help.

[9] The evidence that Gonzales and Griggs approached Campbell in a cell and attacked her in concert, asserting that no one would help her, while an inmate tried to cover up the sound of Campbell's screams and another inmate guarded the alarm button, establishes that Gonzales and others agreed to batter Campbell and took steps to carry out the agreement. *See Whittle v. State*, 542 N.E.2d 981 (Ind. 1989) (where defendant and companions appeared at victims' clubhouse together and jointly attacked the victims, evidence of conspiracy adequate), *overruled in part on other grounds by Scisney v. State*, 701 N.E.2d 847 (Ind. 1998).

# Conclusion

[10] For the foregoing reasons, we affirm the judgment of the trial court.

[11] Affirmed.

Vaidik, C.J., and Bailey, J., concur.