## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deltrice Watkins,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | December 8, 2016<br><br>Court of Appeals Case No.<br>82A05-1603-CR-625<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Michael J. Cox<br><br>Trial Court Cause No.<br>82C01-1404-FA-453 |

**Brown, Judge.**

[1] Deltrice Watkins appeals her convictions for two counts of dealing in methamphetamine as class A felonies, possession of a schedule III controlled substance as a class D felony, and possession of a schedule IV controlled substance as a class D felony. Watkins raises one issue which we revise and restate as whether the trial court abused its discretion in instructing the jury. We affirm.

## Facts and Procedural History

[2] On March 11, 2014, Watkins sold methamphetamine to a confidential informant ("C.I."). On April 9, 2014, the C.I. sent text messages to Watkins, asked her if she was coming, and offered to run the money out. Watkins arrived at the C.I.'s location, and the C.I. gave Watkins buy money. Watkins then left, met with a few people for about two minutes, and proceeded to Highway 41.

[3] Vanderburgh County Sheriff's Sergeant David Eades observed Watkins speeding and conducted a traffic stop on Highway 41. The police discovered methamphetamine, hydrocodone, alprazolam, and the buy money in Watkins's vehicle.

[4] On April 11, 2014, the State charged Watkins with Count I, dealing in methamphetamine as a class A felony; Count II, possession of a schedule III controlled substance as a class D felony; and Count III, possession of a schedule IV controlled substance as a class D felony. On November 11, 2014,

the State charged Watkins with Count IV, dealing in methamphetamine as a class A felony.

[5]    On February 16 and 17, 2016, the court held a jury trial. During cross-examination, Sergeant Eades testified that Watkins claimed she had a bottle for Xanax and Lortabs and that he could look at her records and be able to see that she was prescribed those medications. Sergeant Eades also testified that to his knowledge no one checked to see if she had a prescription. After the State rested, the defense did not present any evidence. The court and the parties discussed jury instructions. Watkins's counsel did not object to the instructions that were ultimately given to the jury and specifically stated that he agreed that instruction No. 3 was correct. Instruction No. 3 stated in part:

> The crime of Possession of a Schedule III Controlled Substance, a Class D felony, which was in force at the time of the offense charged in Count 2, is defined by law as follows: A person who knowingly or intentionally possesses a controlled substance, pure or adulterated, classified in Schedule III, except marijuana or hashish, commits Possession of a Schedule III Controlled Substance, a Class D felony.
>
> Before you may convict the Defendant of Count 2, the State must have proved each of the following beyond a reasonable doubt:
>
> 1. The Defendant
>
> 2. knowingly or intentionally
>
> 3. possessed

4. hydrocodone, pure or adulterated,

5. which the Court instructs you is classified by statute as a controlled substance in Schedule III.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of Possession of a Schedule III Controlled Substance, a Class D felony, as charged in Count 2.

Appellant's Appendix II at 89. The court gave the jury this instruction and also instruction No. 4, which addressed Count III, possession of a schedule IV controlled substance as a class D felony, and stated that, before the jury could convict Watkins, the State must have proved that she knowingly or intentionally possessed alprazolam.

[6] The jury found Watkins guilty as charged. The court sentenced Watkins to thirty years for Counts I and IV and 547 days for Counts II and III and ordered the sentences to be served concurrent with each other.

## *Discussion*

[7] The issue is whether the trial court abused its discretion in instructing the jury. Watkins cites Ind. Code § 35-48-4-7 which governs possession of a controlled substance and at the time of the offense provided in part that "[a] person who, without a valid prescription . . . knowingly or intentionally possesses a controlled substance (pure or adulterated) classified in schedule I, II, III, or IV, except marijuana, hashish, salvia, or a synthetic cannabinoid, commits

possession of a controlled substance, a Class D felony."[1] She points to the testimony of Sergeant Eades in which he stated that he did not check to see whether she had a prescription for either Xanax or Lortabs. She contends that the omission of the defense of possession of a prescription is key because officers admitted that they did not make an attempt to determine whether she had a valid prescription and the State conceded that it may not have met a burden regarding the possession charges. She acknowledges that the defense bore the burden of having to prove the existence of a prescription, but argues that the court must instruct the jury on the validity of the defense once the defense has asserted the exception.

[8] The State argues that Watkins waived review of this issue, that she waived her claim altogether because she did not allege fundamental error, and that she could not show fundamental error even if she alleged it. In reply, Watkins asserts that a failure to allege fundamental error does not result in waiver of her claim.

[9] "The existence of a valid prescription for a controlled substance is a defense to the crime of possession." *Lundy v. State*, 26 N.E.3d 656, 658 (Ind. Ct. App. 2015) (citing *Williams v. State*, 959 N.E.2d 360, 363 (Ind. Ct. App. 2012)). The defendant bears the burden of proving this defense by a preponderance of the evidence. *Id.*

---

[1] Subsequently amended by Pub. L. No. 158-2013, § 633 (eff. July 1, 2014).

Ind. Trial Rule 51(C) provides in relevant part:

> At the close of the evidence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

The Indiana Supreme Court has "construed this requirement rather strictly, finding that its 'purpose is not to create a procedural trap but to enhance trial fairness and to enable effective appellate review.'" *Bowman v. State*, 51 N.E.3d 1174, 1179 (Ind. 2016) (quoting *Scisney v. State*, 701 N.E.2d 847, 848 (Ind. 1998)). "Thus, at a minimum, 'appellate review of a claim of error in the giving of a jury instruction requires a timely trial objection clearly identifying both the claimed objectionable matter and the grounds for the objection,' though tendering a proposed alternative instruction is recommended." *Id.* (quoting *Scisney*, 701 N.E.2d at 849).

Watkins did not object to the instructions or tender a relevant jury instruction. Accordingly, we cannot say that Watkins preserved this issue for appeal. To the extent that Watkins asserts fundamental error in her reply brief, we observe that she did not do so in her initial brief and has waived the issue. *See id.* at 1179-1180 (holding that the defendant failed to preserve an objection to instructions and "also failed to raise the issue of fundamental error in his initial appellate brief; we therefore find his claim of error with respect to the lack of an

instruction on jury unanimity entirely waived") (citing *Curtis v. State*, 948 N.E.2d 1143, 1148 (Ind. 2011) ("[P]arties may not raise an issue, such as fundamental error, for the first time in a reply brief.")).

## *Conclusion*

For the foregoing reasons, we affirm Watkins's convictions.

Affirmed.

Robb, J., and Mathias, J., concur.