


FILED

Jun 20 2018, 12:07 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-JV-295

## D.Z.,

*Appellant (Respondent)*

–v–

## State of Indiana

*Appellee (Petitioner)*

Decided: June 20, 2018

Appeal from the Hendricks Superior Court, No. 32D03-1704-JD-86
The Honorable Karen M. Love, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 32A05-1708-JV-1907

**Opinion by Chief Justice Rush**

Justices David, Massa, Slaughter, and Goff concur.

**Rush, Chief Justice.**

As today's companion opinion *B.A.* holds, *Miranda* warnings protect students—no less than adults at a school—when police place them under custodial interrogation. Custodial interrogation, though, requires police involvement. So when school officials alone meet with students, a clear rule governs: *Miranda* warnings are not required.

Here, only an assistant principal interviewed D.Z., so *Miranda* warnings were not required. We also find no reversible evidentiary error and that sufficient evidence supports D.Z.'s criminal-mischief adjudication, so we affirm the juvenile court.

## Facts and Procedural History

In early March 2017, sexual graffiti on boys-bathroom walls at Brownsburg High School prompted a school investigation. Assistant Principal Demetrius Dowler soon enlisted school resource officer Nathan Flynn's help finding a suspect. From surveillance video, they pinpointed seventeen-year-old D.Z.

Assistant Principal Dowler called D.Z. into his office for a closed-door discussion. With only the two of them in the room, Dowler detailed his investigation and said that he knew D.Z. was the culprit. D.Z. remorsefully responded that he didn't know why he did it, that he knew it was wrong, and that he didn't have anything against the girls named in the graffiti.

Assistant Principal Dowler suspended D.Z. for five days and told Officer Flynn of D.Z.'s confession. Flynn then went into Dowler's office to talk to D.Z., who again confessed. At the end of that conversation, Flynn told D.Z. that he was being charged with a crime.

The next month, the State filed a delinquency petition alleging that D.Z. committed criminal mischief and harassment. At the factfinding hearing, the parties agreed that D.Z.'s incriminating statements to Officer Flynn should be suppressed since D.Z. was never Mirandized. But they

disagreed about the earlier statements to Assistant Principal Dowler. The juvenile court admitted them over D.Z.'s objection.

At the end of the hearing, the court found that the State failed to prove harassment, but that D.Z. had committed criminal mischief, a Class B misdemeanor if committed by an adult.

D.Z. appealed, challenging (1) the admission of his statements to Assistant Principal Dowler, (2) the admission of photos pulled from surveillance video, (3) the admission of photos of the graffiti, and (4) the sufficiency of the evidence supporting the criminal-mischief finding.

The Court of Appeals reversed in a split opinion, addressing only the admission of D.Z.'s incriminating statements to Assistant Principal Dowler. *D.Z. v. State*, 96 N.E.3d 595, 599–603 (Ind. Ct. App. 2018). The majority first described a modern school-discipline focus on criminal charges—a point that Judge Baker emphasized in a separate concurrence. *Id.* at 599–602 (majority opinion); 604 (Baker, J., concurring). It then found that the statements should have been suppressed because D.Z. was under custodial interrogation. *Id.* at 602 (majority opinion).

Judge Brown dissented. *Id.* at 604–06 (Brown, J., dissenting). She would have affirmed because Officer Flynn was not present for D.Z.'s interview with Dowler and because no evidence showed that Dowler was an agent of the police. *Id.*

We granted the State's petition to transfer, vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Whether D.Z. was under custodial interrogation is an issue of law reviewed de novo. *See B.A. v. State*, No. 49S02-1709-JV-567, ___ N.E.3d ___, slip op. at 4 (Ind. June 20, 2018). That issue dictates whether the juvenile court abused its discretion in admitting D.Z.'s statements to Assistant Principal Dowler. *See id.*

# Discussion and Decision

## I. D.Z. was not under custodial interrogation.

In today's companion opinion *B.A. v. State*, we explore how *Miranda* and its custodial interrogation test apply in today's schools. *B.A.*, slip op. at 5–11. As we explain there, when police officers are present at and involved in a suspect's interview, the custody and interrogation analyses are fact-specific and can result in close calls. *Id.* at 9–11.

But when police officers aren't present, a clear rule applies: students are neither in custody nor under interrogation, unless school officials are acting as agents of the police. *Id.*; *see also Ritchie v. State*, 875 N.E.2d 706, 717 (Ind. 2007) ("[C]ivilians conducting their own investigation need not give *Miranda* warnings.").

Here, unlike in *B.A.*, the clear rule governs; Officer Flynn was not in the room when Assistant Principal Dowler talked with D.Z. So D.Z. was entitled to *Miranda* warnings only if Dowler was an agent of the police. *See Sears v. State*, 668 N.E.2d 662, 668 (Ind. 1996) ("The police . . . cannot avoid their duty under *Miranda* by attempting to have someone act as their agent in order to bypass the *Miranda* requirements."), *overruled on other grounds by Scisney v. State*, 701 N.E.2d 847, 848–49 (Ind. 1998).

"There must be some evidence of an agency relationship" before we can find one. *Sears*, 668 N.E.2d at 669. But as Judge Brown explained in her dissent, no evidence suggests that police directed or encouraged Assistant Principal Dowler to act on their behalf. *See D.Z.*, 96 N.E.3d at 604–06 (Brown, J., dissenting); *see also Resnover v. State*, 460 N.E.2d 922, 933 (Ind. 1984). Quite the reverse; Dowler asked Officer Flynn—the only officer mentioned in the record—to help with his ongoing school investigation. And while Dowler did share D.Z.'s confession with Officer Flynn, the focus was not on criminal charges but on finding out who was doing the graffiti.

Nor does Officer Flynn's interview with D.Z. show an agency relationship simply because it came on the heels of Dowler's interview.

Yes, Officer Flynn knew during his investigation that criminal charges were possible. And he did tell D.Z. at the end of his interview that criminal charges were coming. But that is not enough to show that Dowler's interview was pretextual priming for Officer Flynn's interrogation. *Contra D.Z.*, 96 N.E.3d at 603.

Assistant Principal Dowler thus was not acting as an agent of the police. But even if he had been, *Miranda* warnings wouldn't be required here. *Miranda*'s premise is that "the interaction of custody and official interrogation" creates the danger of coercion. *Illinois v. Perkins*, 496 U.S. 292, 297 (1990). Since that coercion "is determined from the perspective of the suspect," an agency relationship implicates *Miranda* only if the suspect is aware enough of the underlying police involvement to create a "coercive atmosphere." *Id.* at 296; *Ritchie*, 875 N.E.2d at 717 (recognizing that the "essential ingredients" of a coercive atmosphere are absent when the suspect "speaks freely to someone whom he believes is not an officer"). Here no evidence shows that D.Z. even knew that Assistant Principal Dowler had talked to Officer Flynn.

For these reasons, the juvenile court correctly denied D.Z.'s motion to suppress his incriminating statements to Assistant Principal Dowler.

## II. The admission of photos was not reversible error; sufficient evidence supports D.Z.'s criminal-mischief adjudication.

Because the Court of Appeals reversed the juvenile court on *Miranda* grounds, it did not address D.Z.'s three other appellate arguments. D.Z. also challenges the admission of two sets of photos and the sufficiency of the evidence supporting his criminal-mischief adjudication.

D.Z. first challenges the admission of three photos—pulled from the school's surveillance video—of him outside graffitied bathrooms. He argues that the State failed to lay their foundation and that their

admission violated Indiana Evidence Rule 1002's best evidence rule.[1] We find that any errors were harmless.

While the original video wasn't preserved, both Officer Flynn and Assistant Principal Dowler testified without objection that they independently watched it and saw that, for two of the bathrooms, D.Z. was the only person to go into both of them when they were graffitied. That testimony meshes with D.Z.'s confession—D.Z. remorsefully told Dowler that he didn't know why he did the graffiti, that he knew it was wrong, and that he didn't have anything against the girls named. The photos were thus cumulative of other substantial evidence, so any error in their admission was harmless. *See McCallister v. State*, 91 N.E.3d 554, 562–63 (Ind. 2018).

D.Z.'s next argument is that the State failed to lay a proper foundation for five photos of the graffiti. He correctly notes that Officer Flynn couldn't lay a full foundation for at least four of the photos since he hadn't seen the graffiti itself. *See Shelton v. State*, 490 N.E.2d 738, 742 (Ind. 1986) ("A witness's testimony that the picture is a true and accurate representation of the evidence portrayed is the foundation [required for] the admission of a photograph."). But Assistant Principal Dowler **did** see the graffiti and identified it in each photo, filling the cracks in the photos' initial foundation. *See Torres v. State*, 442 N.E.2d 1021, 1024–25 (Ind. 1982).

D.Z.'s final argument is that insufficient evidence supports his criminal-mischief adjudication. Under our standard of review, "we examine only 'the probative evidence and reasonable inferences' that support the verdict." *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (quoting *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007)). Here, the evidence shows five instances of graffiti. For two of them, D.Z. was the only person who could've done both. Plus, D.Z. remorsefully admitted that he knew doing the graffiti was

---

[1] D.Z.'s arguments cue interesting questions about silent witness foundation, whether photos pulled from a video are "duplicates," and the interaction between Indiana Rules of Evidence 1003 and 1004. Because the answers would not affect the outcome here, we leave them for another case.

wrong. These facts and their reasonable inferences sufficiently support the juvenile court's delinquency adjudication.

## Conclusion

D.Z. was not entitled to *Miranda* warnings since he was interviewed only by a school official—not by police. He also cannot prevail on his evidentiary and sufficiency of the evidence challenges. We thus affirm his criminal-mischief adjudication.

David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT
Jeffery A. Earl
Law Offices of Lewis & Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA SCHOOL BOARDS ASSOCIATION
Kent M. Frandsen
Parr Richey Frandsen Patterson Kruse LLP
Lebanon, Indiana

ATTORNEYS FOR AMICI CURIAE
JUVENILE LAW CENTER; BARTON CHILD LAW AND POLICY
CENTER; EMORY LAW SCHOOL; CENTER FOR CHILDREN'S
LAW AND POLICY; CENTER ON WRONGFUL CONVICTIONS OF
YOUTH; AND PAUL HOLLAND
Amy E. Karozos
Greenwood, Indiana

Marsha L. Levick
Juvenile Law Center
Philadelphia, Pennsylvania